61 F.3d 900
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence W. MOUZONE-EL, a/k/a Clarence W. Mouzone,
Petitioner--Appellant,
v.
Sewall B. SMITH, Warden, Maryland Correctional Adjustment
Center; Attorney General of the State of
Maryland, Respondents-Appellees.
 No. 94-7447.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 30, 1995.
Decided: July 26, 1995.
 
 Clarence W. Mouzone-El, Appellant Pro Se. John Joseph Curran, Jr., Attorney General, Ann Norman Bosse, Rachel Marblestone Kamins, Office of the Attorney General of Maryland, Baltimore, MD, for Appellees.
 Before NIEMEYER and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order denying relief on his 28 U.S.C. Sec. 2254 (1988) petition. We have reviewed the record and the district court's opinion, and find no reversible error. Accordingly, we affirm largely on the reasoning of the district court.* Mouzone-El v. Smith, No. CA-94-1770-JFM (D.Md. Nov. 18, 1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 On appeal, Mouzone-El asserts for the first time that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), by suppressing evidence that Mouzone-El's brother had been arrested as a suspect. He urges that under Schlup v. Delo, 115 S.Ct. 851 (1995), a case decided after the district court's opinion, his claims of actual innocence and constitutional error at trial excuse his procedural default. However, Mouzone-El has not shown that any evidence existed at the time of trial that the man arrested (who used an alias) was in fact his brother, nor has he shown that no reasonable juror would have convicted him in light of this new evidence. Thus, he has failed to demonstrate that "a constitutional violation has probably resulted in the conviction of someone who is actually innocent." Schlup, 115 S.Ct. at 867